## Case No. 1,780.

### BRADLEY v. FROST et al.

[3 Dill. 457.][1]

Circuit Court, D. Minnesota. 1875.

BANKRUPT ACT—ATTACHMENT—SALE OF PROPERTY UNDER STATE PROCESS—LIABILITY OF SHERIFF AND JUDGMENT CREDITOR TO THE ASSIGNEE IN BANKRUPTCY.

1. A sheriff who sold on execution property previously attached by him by virtue of a judgment of a state court, which made it his duty to sell this specific property, leaving him no discretion, and who in good faith paid over the proceeds of the sale to the judgment creditor, without actual notice of proceedings in bankruptcy commenced after the attachment, but before the judgment and sale, is, it seems, not liable as in trover to the assignee in bankruptcy.

[Cited in Conner v. Long, 104 U. S. 233.]

2. In such a case, the creditor receiving the proceeds of the sale may be compelled to pay the amount thereof to the assignee in bankruptcy, by an action in the federal court.

[Cited in McCord v. McNeil, Case No. 8,-714.]

In bankruptcy. The plaintiff [Newton Bradley] is the assignee in bankruptcy of the St. Paul Lumber Company; the defendants are the sheriff [James C. Frost] and [Charles H. Rhines] a judgment creditor of the bankrupt. The action is in the nature of trover to recover the value of certain personal property seized and sold by the sheriff, the proceeds whereof were paid over to the judgment creditor. The facts are these: July 22, 1875, the creditor sued the St. Paul Lumber Company in the state court and attached the property in question. August 25,

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

petition in bankruptcy filed against the St. Paul Lumber Company. September 6, judgment entered in the state court against the attachment defendant (the St. Paul Lumber Company), but without any special order to sell the attached property. September 17, writ of execution on the judgment levied by the sheriff on the property theretofore attached. September 23, the original judgment plaintiff (Parker) assigned the judgment to the defendant Rhines. September 8, the St. Paul Lumber Company was adjudicated a bankrupt on the creditors' petition of August 25, and on September 29, the register's deed of assignment to the plaintiff was executed and delivered. October 4, the sale of attached property was made by the sheriff, and the proceeds paid over on the execution to Rhines. This was done without actual notice of the bankruptcy proceedings. No application was made by the assignee at any time to the state court. After the sale by the sheriff and payment of proceeds to the judgment creditor, the assignee in bankruptcy made a written demand (October 15) on the sheriff for the property, but not for the proceeds thereof, and afterwards brought this suit against the sheriff and the assignee of the judgment who received the proceeds of this sale, to recover the value of the property, alleging, however, that it sold for its full value, and not seeking to recover any more than it brought at the sheriff's sale. The case came before the court on a motion by the plaintiff for judgment on the defendants' answer, which set up the foregoing facts. [Motion granted in part.]

H. L. Williams, for plaintiff.

Lochran, McNair & Gilfillan, for defendants.

DILLON, Circuit Judge. 1. The suit in the state court was commenced and the writ of attachment levied on the property of the debtor before the proceedings in bankruptcy were commenced, and judgment was regularly obtained two days prior to the time when the debtor was adjudicated to be a bankrupt. The adjudication of bankruptcy, however, preceded the issuing of the execution. When the assignment was made to the plaintiff, the title to the property vested in the assignee and related back to August 25, when the proceedings in bankruptcy were commenced. No question is made as to the regularity and validity of the judgment, and it is admitted that by the laws and practice in Minnesota, property attached is held under a general judgment, and that it was the duty of the sheriff having an execution issued on the judgment to sell the attached property the same as if the judgment of the court had specially directed this to be done. Rev. St. Minn. p. 468, § 139. Accordingly the property was sold by the sheriff on the execution, and the proceeds paid over by him to the judgment creditor, without actual knowledge of the proceedings in bankruptcy. As respects the sheriff, the case is to be treated as one in which the attachment was rightfully levied in the first instance and the property thereby brought within the possession of the state court by being in possession of its officer. Johnson v. Bishop [Case No. 7,373.]

The judgment rendered by the state court, so counsel concede, bound the property attached to the same extent as if it had by the court been specially so ordered, and the sheriff, when the execution on the judgment was in his hands, was bound to sell the property attached, the same as if the writ of execution had specially commanded this to be done. This he did, and made the sale, and paid over the proceeds to the judgment creditor, before actual knowledge of the proceedings in bankruptcy. Under these circumstances, it admits of great doubt whether the sheriff can be held in this action for the value of the property sold (Johnson v. Bishop, supra; Buck v. Colbath, 3 Wall. [70 U. S.] 334, 343), and, as at present advised, I shall deny the motion for judgment against him; reserving the case for further consideration, if necessary, on this point.

2. As respects the judgment creditor who received the proceeds of the sale, I am of opinion he is liable. The effect of the adjudication in bankruptcy and the subsequent assignment to the plaintiff, was to dissolve the attachment (section 14 of the bankrupt act [of 1867; 14 Stat. 522]), and to transfer the title to the attached property to the plaintiff, as of the date of the commencement of the proceedings in bankruptcy. The attachment being dissolved, the rights of the judgment creditor, as respects the assignee, must rest upon the sale under the execution, and the rights under the levy of the execution, if any were acquired, were divested by the subsequent deed of assignment to the plaintiff. The title to the property at the time of the sale was wholly in the plaintiff, and the judgment creditor has no greater right to the proceeds of the sale than the bankrupt had in the property, that is to say, no right whatever.

If the plaintiff so elects he may have judgment on the pleadings against Rhines for the net amount he received of the sheriff. If he does not so elect, his motion for judgment on the pleadings will be denied, and he may contest the facts set up in the answer.

(The plaintiff elected to take judgment for the amount received of the sheriff.)

Judgment accordingly.

NOTE [from original report]. See Townsend v. Leonard [Case No. 14,117.]